## STATE *vs.* JOHN DRURY, JUNIOR.

A plea of "Not guilty" to a criminal complaint waives any objection to the complaint, either for misnomer or for neglect to add to the defendant's name the place where he is resident or commorant.

After a defendant had pleaded "Not guilty" to a complaint against him as John Doe, the court allowed the complaint to be amended by inserting his name.

*Held*, that the amendment, though superfluous, was no ground for exception.

EXCEPTIONS to the Court of Common Pleas.

This case was a complaint and warrant for the illegal sale of intoxicating liquors, brought before the Justice Court of the city of Providence. After conviction, the defendant appealed to the Court of Common Pleas. The record in the Justice Court shows only the plea of not guilty. The bill of exceptions to the Court of Common Pleas, as allowed by the presiding justice, is as follows :

" When said cause was called for trial, the respondent, by his counsel, moved to dismiss the complaint, because the complaint did not set forth the name of any respondent or the place in which he was, or of late was, commorant ; and, further, because the name in said complaint was ' John Doe, whose other name was to the complainant unknown,' while the complaint shows that by the clerk of the Justice Court the case was entitled *State* v. *John Drury, Jr.* The court declined to dismiss the complaint upon the above motion, and the respondent then and there excepted. The Attorney General then moved for leave to amend said complaint by inserting the name of John Drury, Junior, and also the place in which he was, to wit, Providence. The respondent objected that the motion should have been made in the Justice Court, where the cause originated, if at all : but the court granted the motion, and permitted the State to amend the complaint in the manner requested, and the respondent excepted.

Other exceptions were taken, but were not considered in this court.

*January* 28, 1882. PER CURIAM. The defendant was complained of under the name of John Doe, and being arraigned by that name, pleaded not guilty. He thereby waived the misnomer, and the Court of Common Pleas rightly refused to dismiss the complaint on account of it. 1 Bishop on Criminal Procedure, § 677. So, too, the objection to the complaint on account of the omission

to add to the name of the defendant his place of residence, or commorancy, ought to have been taken advantage of, if at all, by plea in abatement, or motion to quash, before the plea of not guilty was entered, the latter plea operating in legal effect as a waiver of the objection. 1 Bishop on Criminal Procedure, § 791 ; *State* v. *McGregor*, 41 N. H. 407 ; 2 Hale Pleas of the Crown, 176 ; *Johnson's case*, Cro. Jac. 610. Nor do we deem it material that the court allowed the complaint to be amended, for the amendment, though superfluous, being confessedly according to the fact, can do the defendant no harm.

The exceptions are overruled, and the cause remanded for sentence. *Exceptions overruled.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.

*Wood & Prendergast* and *John M. Brennan*, for defendant.